# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | | |
|---|---|---|
| **BATTRICK D. KINSLOW #295221,** | ) | |
| | ) | |
| **Petitioner,** | ) | **No. 3:14-cv-02280** |
| | ) | **Chief Judge Sharp** |
| **v.** | ) | |
| | ) | |
| **THE UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Respondent.** | ) | |

## M E M O R A N D U M

Pending before the court are Claims 1 and 3 of petitioner Battrick D. Kinslow's *pro se, in forma pauperis* petition for a writ of *habeas corpus* brought pursuant to 28 U.S. § 2241 (Docket No. 1) and the United States's response in opposition to the petition and motion to dismiss for lack of jurisdiction (Docket No. 50).

## I.    Background

### A.    Imposition of Kinslow's Original Sentence

On February 25, 2004, in the United States District Court for the Eastern District of Tennessee, Kinslow entered a plea of guilty in case number 4:03-cr-42 to one count of conspiracy to distribute cocaine base, in violation of 21 U.S.C §§ 841(a)(1), (b)(1)(C), and 846; to one count of possession of a firearm in furtherance of a drug trafficking offense, in violation of 18 U.S.C. § 924(c)(1)(A)(i); and to one count of unlawful possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). On July 30, 2004, the court sentenced petitioner Kinslow to a total term of imprisonment of 111 months, to be followed by six years of supervised release.  (Exh. A to Docket No. 51). On October 6, 2005, and after the filing of an unopposed motion by the United States Attorney's Office

1

for the Eastern District of Tennessee, the court amended its judgment to reflect that the federal sentence should run concurrently with a 15-year state sentence imposed on Kinslow after a conviction for solicitation to commit murder in Franklin County, Tennessee, in case number 15846, because the state case arose from the same set of facts as the federal case. (Exhs. A & B to Docket No. 51).

## B.     Subsequent Proceedings and Filings in the Eastern District of Tennessee

On May 9, 2013, Kinslow appeared in the Eastern District of Tennessee for a hearing related to a potential violation of his supervised release. Kinslow admitted the violation at that hearing. The court sentenced Kinslow to a term of imprisonment of a year and a day, to be followed by 48 months of supervised release. (Exh. C to Docket No. 51). After serving his term of imprisonment, Kinslow was again placed on supervised release.

On May 23, 2014, Kinslow filed a *pro se* pleading entitled "Motion for Fast and Speedy Hearing and/or Disposition" in the United States District Court for the Eastern District of Tennessee. (Exh. D to Docket No. 51). In that pleading, Kinslow claimed that he had been arrested in January 13, 2014, for misdemeanor domestic assault while he was housed at the Salvation Army federal halfway house in Hamilton County, Tennessee; that a state parole violation was "placed" on him on January 21, 2014; that the misdemeanor domestic assault charge was dismissed on March 6, 2014; and that he was transferred to the custody of the Tennessee Department of Corrections ("TDOC") on March 10, 2014. Kinslow further claimed that his continued placement in TDOC custody violated his constitutional right to due process because that placement was extending the term of his federal supervised release. (*Id.*)

On May 30, 2014, Kinslow filed a *pro se* pleading entitled "Motion to Correct and/or Amend

Sentence" in the United States District Court for the Eastern District of Tennessee. (Exh. E to Docket No. 51). Kinslow claimed that his state parole had been revoked, and that the revocation and the subsequent placement of Kinslow in state custody violated his constitutional rights to due process and equal protection. (*Id*.)

On August 8, 2014, Kinslow filed a third *pro se* pleading, entitled "Emergency Petition to Compel the Retaking of Federal Prisoner" in the United States District Court for the Eastern District of Tennessee. (Exh. F to Docket No. 51). Kinslow again claimed that the revocation of his state parole and his subsequent placement in state custody violated his constitutional rights, as well as various constitutional principles, including comity principles, the Supremacy Clause, and the Dual Sovereignty Doctrine. Kinslow further claimed that the existence of a federal detainer, while Kinslow remains in state custody, has subjected Kinslow to harsher conditions of confinement than those to which he would be subjected absent a federal detainer, including placement in an area of increased security and a reduction in the number of good time credits which he could otherwise accrue during his confinement. (*Id*.)

On September 3, 2014, Kinslow filed a fourth *pro se* pleading, entitled "Motion to Vacate, Set Aside, or Correct Sentence by a Person Subject to Future Custody," in the United States District Court for the Eastern District of Tennessee. (Exh. G to Docket No. 51). Kinslow reiterated the claims he had made in his previous *pro se* pleadings.

To date, the four *pro se* pleadings referenced above remain pending before the United States District Court for the Eastern District of Tennessee.

### C.     Proceedings and Filings in the Middle District of Tennessee

On November 20, 2014, Kinslow filed a *pro se* petition for a writ of *habeas corpus* pursuant

to 28 U.S.C. § 2241 in this court. (Docket No. 1). In that petition, Kinslow raised three claims: (1) the Tennessee Parole Board violated due process, equal protection, the "rules of comity," and the provisions of 18 U.S.C. § 4205 by executing a state parole warrant while a federal detainer was lodged against him; (2) the Tennessee Parole Board's revocation decision was based on a misapprehension of the status of petitioner's federal custody and violated due process and equal protection; and (3) the imposition of a new state sentence following his revocation has resulted in that sentence and his federal sentence running consecutively and in various hardships in the state facility as a result of the federal detainer in violation of due process, equal protection, and double jeopardy. (*Id.*) These claims mirror in substance the claims set forth in the pleadings currently pending before the United States District Court for the Eastern District of Tennessee.

The State Attorney General filed a motion to dismiss the petition. (Docket No. 19). By order and memorandum entered on June 30, 2015, the court granted the respondent's motion to dismiss Claim 2 of the petition for failure to exhaust state court remedies. (Docket Nos. 31 & 32). Therefore, as to Claim 2, the court denied the petition without prejudice to refile if and when the petitioner exhausts his state court remedies. As to Claims 1 and 3 of the petition, the court determined that the State Attorney General had no further obligation to respond to the claims on their merits as the proper entity to respond to these claims is the United States Attorney General ("United States"). The court ordered the Clerk to serve a copy of the petition on the United States and directed the United States to file an answer, plead, or otherwise respond to Claims 1 and 3 of the petition within thirty days. (*Id.*)

The United States has responded by filing a motion to dismiss for lack of jurisdiction. (Docket No. 50). In its response, the United States requests that, in the furtherance of justice, the

court transfer Kinslow's petition to the United States District Court for the Eastern District of Tennessee. (*Id*. at p. 1).

## II.    Legal Standard

Under 28 U.S.C. § 2241(d), if a *habeas* petition is filed in a state with more than one federal district court, the petitioner may file in either the judicial district where the petitioner was convicted or the judicial district where he is currently incarcerated. In such instance, each court has "concurrent jurisdiction to entertain the application." *Id.*

Section 2241(d) does provide, however, that "[t]he district court for the district wherein . . . an application is filed in the exercise of its discretion and in furtherance of justice may transfer the application to the other district court for hearing and determination."

## III.   Respondent's Motion to Dismiss for Lack of Jurisdiction

The respondent contends that this court lacks jurisdiction to hear Kinslow's remaining *habeas* claims. (Docket No. 50).

At the time Kinslow filed his initial petition in the Middle District of Tennessee, he was being held at the South Central Correctional Facility in Clifton, Tennessee. That facility is located in the Middle District of Tennessee. On March 27, 2015, Kinslow filed a "Notice of Change of Address" with this court. (Docket No. 21). According to that notice, Kinslow's new address is "P.O. Box 549, Whiteville, TN 38075." The Whiteville Correctional Facility is located in the Western District of Tennessee. The State court which convicted and sentenced Kinslow, moreover, is located in the Eastern District of Tennessee. Therefore, under 28 U.S.C. § 2241(d), venue for this action is proper in both the Eastern and Western Districts of Tennessee.

Considering that Kinslow currently has four *pro se* pleadings pending in the United States

District Court for the Eastern District of Tennessee—pleadings which mirror in substance the petition he has filed in the instant case—and given that the State court which convicted and sentenced Kinslow is also located in the Eastern District of Tennessee, the court finds that the interests of justice dictate that the remaining claims of the petition should be transferred to the United States District Court for the Eastern District of Tennessee for hearing and determination.

## IV.    Conclusion

For the reasons explained herein, the motion to dismiss filed by the United States (Docket No. 59) will be granted insofar as the court will transfer the petitioner's remaining *habeas* claims to the United States District Court for the Eastern District of Tennessee.

An appropriate order will be entered.

_____
Kevin H. Sharp
Chief United States District Judge